IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**RAIDONYA SCROGGINS**                                              **PLAINTIFF**

V.                         CASE NO. 4:22-CV-_____

**PILGRIM'S PRIDE CORPORATION**                           **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Raidonya Scroggins, by and through her attorney Chris Burks of WH LAW, for her Complaint against Pilgrim's Pride Corporation, she does hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.  Plaintiff Raidonya Scroggins brings this action against the Defendant for violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code §2000(e)2, ("Title VII") and the Arkansas Civil Rights Act, Ark. Code Ann. §16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff resulting in her wrongful termination.

2.  Plaintiff received inequitable treatment and an adverse employment action as a result of her race, which is Black, and in retaliation for making HR complaints about different and inequitable treatment in regard to breaks, job assignments, and job rotations, compared to other employees who were not Black.

3.  After Plaintiff injured herself at work due to the repetitive motions required in the department she was assigned to, Defendant again refused to transfer her to a different department as she requested, and instead terminated her.

4. The reasons for her termination were pretextual. Plaintiff was actually terminated because of her race, which is Black, and in retaliation for her complaints regarding her disparate treatment.

5. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violation of Title VII and ACRA as described, *infra*.

## II. JURISDICTION AND VENUE

6. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under Title VII.

7. Plaintiff's claims under the ACRA form part of the same case or controversy and arise out of the same facts as the Title VII claims alleged in this Complaint.

8. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

9. The acts complained of herein were committed and had their principal effect within the Texarkana Division of the Western District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

10. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

11. The witnesses to race discrimination and retaliation violations alleged in this Complaint reside in this District.

12. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

### III. THE PARTIES

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Plaintiff is a resident and citizen of Sevier County.

15. At all material times, Plaintiff has been titled to the rights, protection, and benefits provided under Title VII and ACRA.

16. Defendant Pilgrim's Pride Corporation is a foreign for profit corporation registered and licensed to do business in the state of Arkansas.

17. Defendant can be served via its agent Corporation Service Company, located at 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, AR 72201.

18. Defendant Pilgrim's Pride Corporation is an "employer" within the meanings set forth in Title VII and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

### IV.   FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

20. Plaintiff Walker is a Black female.

21. Plaintiff was hired by Defendant on July 20, 2020.

22. During orientation, Plaintiff was told that if she wanted to transfer to a different department within the Defendant's facility, she should speak with her supervisor and request a transfer.

23. Beginning in March 2021, Plaintiff repeatedly requested a transfer to the Chill Pack department because the work she performed in her current department was aggravating an on-the-job injury she received due to the repetitive motion of her job.

24. Plaintiff's transfer request was denied.

25. Plaintiff received disparate treatment in her current position based on her race. Specifically, Plaintiff, who was Black, worked under a Hispanic supervisor and with Hispanic employees.

26. Plaintiff was assigned worse jobs and break times than other non-Black (Hispanic) employees in her department.

27. After Plaintiff complained to Human Resources about the disparate treatment she received, Plaintiff was retaliated against by being assigned more repetitive and less desirable jobs, such as putting meat in the whole and pulling tenders, which caused her injury to become aggravated.

28. Plaintiff was not provided coworker rotation, though other employees were allowed to rotate tasks with their coworkers.

29. Plaintiff was assigned increased productivity numbers compared to other non-Black coworkers.

30. As a result of the disparate treatment and retaliation she received, including the denial of her transfer requests, Plaintiff's injuries were aggravated to the point that she was unable to perform and had to go on leave.

31. Plaintiff was terminated for absenteeism on January 11, 2022.

32. Plaintiff's termination was pretextual as Plaintiff would have been able to continue working if Defendant had let her transfer to the other department when she originally began requesting a transfer in March 2021.

33. Plaintiff was also terminated in retaliation for making previous complaints about disparate treatment on the basis of race that she experienced in the workplace.

### V. FIRST CLAIM FOR RELIEF – Title VII Claims

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35. Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted her administrative remedies.

36. Defendant engaged in unlawful employment practices at their facility in DeQueen, Arkansas, in violation of 42 U.S. Code §2000e-2.

37. Specifically, and as detailed above, Plaintiff received disparate treatment as a result of her race, which is Black, and subsequently was subject to retaliation after complaining about the discrimination she received.

38. Defendant allowed non-Black employees to transfer positions and offered them more favorable opportunities with regard to breaks, job assignments, and task rotations.

39. As a result, Plaintiff was treated disparately from non-Black employees.

40. The reasons Defendant gave for terminating Plaintiff were pretextual. Plaintiff was ultimately terminated because of her race, which is Black, as she was not allowed to transfer to another department when she originally made her requests to do so, and she was unable to continue working in the department to which she was assigned.

41. Plaintiff was also terminated in retaliation for making previous complaints to Defendant's Human Resources department about the disparate treatment she received.

42. At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

43. However, Plaintiff was constructively terminated from her position within the relevant statutory period.

44. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and in retaliation after her previous complaints.

45. The unlawful employment practices complained of above were and are intentional.

46. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

**47.** Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of Title VII, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

## VI.     SECOND CLAIM FOR RELIEF – ACRA Claims

48. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

49. Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted his administrative remedies.

50. Defendant engaged in unlawful employment practices at their facility in DeQueen, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

51. Specifically, and as detailed above, Plaintiff received disparate treatment as a result of her race, which is Black, and subsequently was subject to retaliation after complaining about the discrimination she received.

52. Defendant allowed non-Black employees to transfer positions and offered them more favorable opportunities with regard to breaks, job assignments, and task rotations.

53. As a result, Plaintiff was treated disparately from non-Black employees.

54. The reasons Defendant gave for terminating Plaintiff were pretextual. Plaintiff was ultimately terminated because of her race, which is Black, as she was not allowed to transfer to another department when she originally made her requests to do so, and she was unable to continue working in the department to which she was assigned.

55. Plaintiff was also terminated in retaliation for making previous complaints to Defendant's Human Resources department about the disparate treatment she received.

56. At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

57. However, Plaintiff was constructively terminated from her position within the relevant statutory period.

58. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race in in retaliation after her previous complaints.

59. The unlawful employment practices complained of above were and are intentional.

60. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

61. Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of ACRA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

### VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Raidonya Scroggins respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)   A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000e-2 and the related regulations;

(B)   A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(C)   Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000-e-2, et seq. for all compensation, compensatory, and punitive damages owed Plaintiff;

(D) Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(E) An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(F) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Raidonya Scroggins, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: Chris Burks (ABN: 2010207)
chris@wh.law